# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| JOCHABED HULING, | ) |
| Plaintiff, | ) |
| | ) CASE NO. 16-cv-00370-CC-JSA |
| v. | ) |
| | ) JURY TRIAL REQUESTED |
| FRANKLIN COLLECTION SERVICE, INC., | ) |
| Defendant. | ) |

## FIRST AMENDED COMPLAINT[1]

1. This is an action for damages arising under 15 U.S.C. § 1692 et seq., The Fair Debt Collection Practices Act ("FDCPA") which prohibits, *inter alia*, a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). The FDCPA is a federal statute. Venue here is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred here.

---

[1] Plaintiff amends as a matter of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).

## PARTIES

3. Plaintiff Jochabed Huling ("Plaintiff") is a natural person who, at all times relevant to this action, was a resident of Newton County, Georgia.

4. Plaintiff, as more fully described herein, is allegedly obligated to pay a personal or household debt to AT&T and is therefore a consumer within the meaning of 15 U.S.C. § 1692a(3).

5. Defendant Franklin Collection Service, Inc. ("Defendant") is a Mississippi corporation whose principal office is located at 2978 W. Jackson St., Tupelo, MS 38803 and whose registered agent for service of process in the State of Georgia is CT Corporation System, 1201 Peachtree St., NE, Atlanta, GA 30361.

6. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts. Franklin Collection Service, Inc. is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. This action arises from Defendant's attempt to collect from Plaintiff an allegedly delinquent household or personal debt in the amount of $122.35, originally owed to AT&T.

8. In furtherance thereof, Defendant, on or about January 8, 2015, mailed a collection letter to Plaintiff which Plaintiff shortly thereafter received. A true and correct copy is attached hereto as **Exhibit A**.

9. Defendant's collection letter purports to advise Plaintiff of her only options regarding the alleged debt. Specifically, "IF YOU ARE NOT PAYING THIS ACCOUNT IN FULL, CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES, AND YOUR DEFENSES, OR CALL (888) 215-8961. (emphasis in original).

10. Plaintiff believed, and reasonably so, that she must either pay Defendant the amount demanded, or retain counsel in her defense, ostensibly because, *"if you don't pay, we're coming for you."* In other words, *"she'd better get a lawyer because Defendant was going to sue her if she didn't pay."*

11. Plaintiff's belief, as described above, was further reinforced by other ominous statements in the letter such as, "IT WILL BE PURSUED TO A CONCLUSION!" (emphasis in original).

12. Upon information and belief, AT&T is a long-time client of Defendant, who regularly collects or attempts to collect debts on behalf of and allegedly owed to AT&T.

13. However, upon further information and belief, at no time relevant to this action was it Defendant's policy and procedure to recommend that AT&T pursue legal action on debts of the age and dollar range of the debt alleged here. Consistent with that belief, Plaintiff has been unable locate any such instance where AT&T, acting on Defendant's recommendation, has sued any Georgia consumer for such a small amount.

14. Regardless, Defendant's letter is intended to convince Plaintiff otherwise and further, to advise Plaintiff that her options regarding the alleged debt were limited to either paying Defendant or incurring the expense of obtaining counsel.

15. The Eleventh Circuit judges whether a debt collector's practices are false, deceptive, or misleading from the point of view of the "least sophisticated consumer." *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir.1985).

16. It is the law in this Circuit that where the parties reasonably disagree on the proper inferences that can be drawn from a debt collector's letter, resolution is for the trier of fact. *Id.* at 1176. *See also, LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010).

17. The FDCPA is a strict liability statute and, therefore, does not require a showing of intentional conduct on the part of a debt collector. Further, a single

violation of the statute is sufficient to establish civil liability. *Rivera v. Amalgamated Debt Collection Services*, 462 F. Supp. 2d 1223 (S.D. Fla. 2006). And Plaintiff does not have to prove that she was actually misled. *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997).

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e

18. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

19. Section 1692e prohibits a debt collector from making any false, deceptive or misleading representations in connection with the collection of a debt. This includes (1) falsely representing the "character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2); or (2) "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). To state a valid claim under subsection (10), moreover, a plaintiff must show only that the misrepresentation would have deceived or misled the least sophisticated consumer. *Taylor v. Heath W. Williams*, LLC, 510 F. Supp. 2d 1206, 1200 (N.D. Ga. 2007). In addition to the general standard, Section 1692e(5) bars a threat "to take any action that cannot

5

legally be taken or that is not intended to be taken." *Florence v. National Systems*, No. C82-2020A (N.D. Ga. Oct. 14, 2006).

20. The language of Defendant's collection letter is intended to create the impression that legal action by defendant is a real possibility. Any least sophisticated consumer could legitimately believe that Defendant's admonition to pay the debt or obtain counsel meant that court action was imminent, even though Defendant had no intention of pursuing such a course of action- then or now.

21. Moreover, the Defendant's collection letter attempts to create the belief that the alleged $122.35 debt is such a serious and urgent matter that a consumer's failure to pay the amount in full requires that the consumer obtain counsel to safeguard her rights. That is simply not true. All a consumer need do, in order to stop Defendant's collection activity, is send a written demand to the Defendant instruction it to cease communications.[2]

22. Section 1692e was enacted against a backdrop of cases in which courts held that communications designed to create a false sense of urgency were deceptive. *Peter v. GC Services L.P.*, 310 F.3d 344, 352 (5th Cir.2002). By

---

[2] 15 U.S.C. §1692c(c) provides that if a consumer notifies the debt collector in writing that he refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer except to advise him that further efforts to collect are being terminated or to notify him of specified remedies. *Florence v. National Systems*, No. C82-2020A (N.D. Ga. Oct. 14, 2006).

creating the inference that Plaintiff's only option was "pay or be sued," and that nonpayment of the alleged debt was so serious and urgent a matter that Plaintiff required the assistance of counsel, the Defendant has systematically engaged in the type of activities Section 1692e was intended to prohibit.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor and against the Defendant for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

## JURY TRIAL REQUEST

Plaintiff requests a trial by jury on all issues so triable.

Dated: Atlanta, Georgia
       March 1, 2016

                **The Law Offices of Shimshon Wexler, PC**

                By: /s Shimshon Wexler
                    Shimshon Wexler
                    Attorney for Plaintiff
                    315 W Ponce de Leon Ave Suite 250
                    Decatur, Georgia 30030
                    Tel: (212)760-2400
                    Fax: (917)512-6132
                    swexleresq@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of March, 2016 a true and correct copy of the foregoing **First Amended Complaint** was served by ECF on the following attorney of record:

Micheal K. Chapman
Bedard Law Group, P.C.
2810 Peachtree Industrial Blvd.
Suite D
Duluth, Georgia 30097
mchapman@bedardlawgroup.com

                                             s/ Shimshon Wexler
                                             Shimshon Wexler, Esq.

| | | |
|---|---|---|
| FCSI<br>P.O. BOX 3910<br>TUPELO MS 38803-3910 | THE COLLECTION FIRM<br>OF<br>FRANKLIN COLLECTION SERVICE, INC<br>PO BOX 3910<br>TUPELO, MS 38803-3910 | Form FQ-01 |

TOLL FREE: (888) 215-8961

NOTICE DATE: JANUARY 08, 2015



WWW.FRANKLINSERVICE.COM
Make checks payable to Franklin Collection Service, Inc.

JOCHEBED HULING
20 E LAWN DR
COVINGTON GA 30016-6820

| OWED TO: | AT&T |
|---|---|
| FCSI CASE #: | 025686766 |
| CLIENT ACCOUNT NUMBER: | 770-918-9945 001 |
| TOTAL DUE THIS ACCOUNT: | 122.35 |

**DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT.**

DEAR MR./MRS. JOCHEBED HULING

IF YOU ARE NOT PAYING THIS ACCOUNT IN FULL, CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES, AND YOUR DEFENSES, OR CALL (888) 215-8961.

I INTEND TO REPORT THIS ACCOUNT ON YOUR CREDIT HISTORY AFTER (30) THIRTY DAYS OF YOU RECEIVING THIS NOTICE.

*** IT WILL BE PURSUED TO A CONCLUSION! ***

TO DISCUSS YOUR PAYMENT OPTIONS CALL 1-888-215-8961. DON'T WANT TO TALK TO A LIVE FCSI CASE WORKER? GO TO WWW.FRANKLINSERVICE.COM TO PAY ONLINE, OR TO CHAT WITH AN ONLINE FCSI REPRESENTATIVE. TO PAY BY PHONE 24 HOURS A DAY YOU MAY CALL 866-319-0760. YOU MAY PAY BY CREDIT OR DEBIT CARD BY COMPLETING THE BACK OF THIS NOTICE. PLEASE HAVE YOUR CHECK OR CREDIT/DEBIT CARD INFORMATION READY.

*BE SURE TO INCLUDE YOUR FCSI CASE NUMBER.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

BUSINESS HOURS: MONDAY-FRIDAY 8 A.M. - 9 P.M., SATURDAY 8 A.M. - 5 P.M. CST

FRANKLIN COLLECTION SERVICE, INC.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

FOR YOUR CONVENIENCE WE HAVE CREATED YOUR OWN PERSONAL URL AND PASSWORD TO MAKE IT EASIER TO PAY YOUR DEBT.
PERSONAL URL: http://jhuling3aaad.revexpress.com     PASSWORD: joch#525

