# UNITED STATES DISRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **JOCHABED HULING,** ) | |
| ) | |
| Plaintiff, ) | Case No. 16-cv-00370-CC-JSA |
| ) | |
| v. ) | |
| ) | |
| **FRANKLIN COLLECTION** ) | |
| **SERVICE, INC.,** ) | |
| ) | |
| Defendant ) | |

## RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Jochabed Huling ("Plaintiff"), through her undersigned counsel, hereby submits this memorandum in response to Defendant Franklin Collection Service, Inc.'s ("Franklin") motion to dismiss.

## INTRODUCTION

Since 1980, Franklin has been in the business of debt collection. Consistent with that purpose, Franklin sent a debt collection letter to Plaintiff, on or about January 8, 2015, seeking to collect a debt on behalf of AT&T in the amount of $122.35, and warning Plaintiff to obtain counsel if she does not pay in full. However, there appears to be no record of AT&T ever filing suit against a Georgia consumer for such a small amount, or of Franklin recommending to AT&T that it file suit against a Georgia consumer for such a small amount. Regardless,

Franklin's debt collection letter, in no uncertain terms, warns Plaintiff, **"If you are not paying this account in full, contact your attorney regarding our potential remedies …"** because, **"it will be pursued to a conclusion!"** The collection letter also refers to a "Case #" even though the account has its own "Client Account Number." Franklin's warning is not meant as a mere suggestion, but rather a warning of the consequence of not paying the entire demanded amount. In other words, even if you pay the entire balance, except for one dollar, or even one penny, **"*you'd better get a lawyer because you're going to be sued if you don't pay."*** It is Plaintiff's position that Franklin's collection letter not only constitutes a violation of 15 U.S.C. § 1692e(5) by threatening to take an action that is not intended to be taken (i.e., legal action), but is also a violation of 15 U.S.C. § 1692e(10), which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

In defense of its unlawful collection tactics, Franklin has concocted the explanation (and apparently expects this Court to believe it) that its collection letter wasn't at all meant to infer that Plaintiff needed an attorney because she would be sued for her failure to pay; instead, Franklin wants us to believe it was doing her a favor— merely recommending that if she didn't wish to pay, she should contact an attorney so that he could advise her how to *properly* avoid paying the debt. [ECF No. 5-1; p. 7]. That, from a debt collector whose job it is to *collect* debt. The issue,

therefore, is whether the language in Franklin's collection letter amounts to a harmless, gratuitous kindness directed toward Plaintiff or a calculated effort to coerce payment through thinly-veiled threats, including the threat of impending legal action. Plaintiff respectfully submits that the latter is the more reasonable conclusion.

## STANDARD OF REVIEW

A claim will be dismissed under Federal Rule of Civil Procedure 12(b)(6) if the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1199 (11th Cir.2012). The Supreme Court has explained this standard as follows:

> "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal citation omitted); *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1325 (11th Cir.2012). Thus, a claim will survive a motion to dismiss only if the factual allegations in the complaint are "enough to raise a right to relief above the speculative level," and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. And while all well-

pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff, *Powell v. Thomas*, 643 F.3d 1300, 1302 (11th Cir.2011), the court need not accept as true plaintiff's legal conclusions, including those couched as factual allegations, *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombley,* 550 U.S. at 556, 127 S.Ct. at 1965.

In sum, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949; see also *Watts v. Fla. Int'l Univ*., 495 F.3d 1289, 1295-96 (11th Cir.2007) ("The Court has instructed us that the rule 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965).

## ARGUMENT

### A. Franklin's collection letter violates 15 U.S.C. § 1692e(5).

Section 1692e, Subsection 1692e(5) prohibits a debt collector from "threatening to take action that cannot legally be taken or that is not intended to be

taken." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 (11th Cir. 2010).[1]

It is clear from Franklin's motion to dismiss that it *never intended* to initiate litigation against the Plaintiff:

> "Plaintiff additionally asserts that FCSI has violated §1692e(5) because Defendant had no intention of filing any lawsuit against Plaintiff in the first instance. As stated in *Clark*, '**while it may be true that Defendant never intended to initiate litigation against the Plaintiff** … [this] intent is irrelevant because the letter makes no express or implied threat of litigation.'"

[ECF No. 5-1; p. 9]. But, Franklin's collection letter *does* make an express or implied[2] threat of litigation. And, making an express or implied threat of litigation with no intent to embark upon litigation is a violation of 15 U.S.C. § 1692e(5). *In re Cambron*, 379 B.R. 371 (M.D. Ala. 2007). ("While e(10) may prohibit general deception, e(5) more specifically prohibits threats, express or implied, of illegal or unintended action.").

---

[1] *LeBlanc* distinguished the two different means of establishing the second part of the § 1692e(5) analysis by explaining that whether the action threatened is "one which could be legally taken" is a separate inquiry altogether from the inquiry regarding the debt collector's "threat to take any action ... not intended to be taken." *LeBlanc*, 601 F.3d at 1202, n.14.

[2] "[I]mplied" is defined as a "word used in law in contrast to 'express'; i.e., where the intention in regard to the subject matter is not manifested by explicit and direct words, but is gathered by implication or necessary deduction from the circumstances, the general language, or the conduct of the parties." Black's Law Dictionary at 754. *United States v. Marlinga*, Case Number: 04-80372 (E.D. Mich. Feb. 28, 2005).

It has long been said, that "words have meaning" *Chesapeake & Ohio Canal Co. v. Hill*, 82 U.S. 94, 100, 15 Wall. 94, 21 L.Ed. 64 (1872), so, what *do* Franklin's words mean? Why, exactly, *does* Franklin tell the Plaintiff that she should obtain counsel if she doesn't pay the demanded debt in full? Is it to assist her in obtaining advice on the proper way to avoid paying the debt, as Franklin claims in its motion to dismiss? [ECF No. 5-1; p. 7] ("An attorney can advise a debtor as to what defenses she might have to paying the debt and how to properly assert those defenses."). More than that, is it so she can learn how to file a counterclaim against Franklin in response to its collection activity? Franklin appears to suggest it might be. [ECF No. 5-1; p. 7] ("an attorney can advise the debtor as to filing a counterclaim."). Or, more likely, is it that Franklin, as a result its many years in the debt collection business, has learned that veiled threats of litigation, talk of attorneys, etc., tends to frighten consumers into making a payment?[3] Plaintiff respectfully submits the answer is obvious. Franklin is in the business of collecting debt, not recommending to consumers that they seek advice on avoiding payment or filing counterclaims. Any interpretation otherwise is no different than the bizarre or idiosyncratic interpretation of collection letters that courts caution consumers against. For just as the FDCPA does not aid consumers whose claims are based on "bizarre or idiosyncratic interpretations of collection

---

[3] Also, by referring to Plaintiff's alleged debt by "case number," a term normally associated with law suits, hopes to reinforce the inference of impending legal action.

notices," *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993), debt collectors cannot and should not be permitted to escape liability by way of their own bizarre or idiosyncratic *explanation* of their collection notices.

Other courts recognize that debt collectors have devised numerous and ingenious ways of circumventing the law under a cover of technical compliance. Franklin believes it has devised one such way, and to uphold it would strip the FDCPA of its meaning. *See, Miller v. Payco-General American Credits, Inc*., 943 F.2d 482, 485 (4th Cir. 1991). "Here, we have an obvious intention to make debtors afraid that they would be sued, an effective tactic no doubt, but one which violates the law." *US v. National Financial Services, Inc*., 98 F.3d 131, 138 (4th Cir. 1996).

### B.    Franklin's collection letter violates 15 U.S.C. § 1692e(10).

A debt collector violates § 1692e(10) when a debt collection letter is objectively false and, even if not objectively false, when the least sophisticated consumer might be misled or deceived. *Taylor v. Heath W. Williams, LLC*, 510 F. Supp. 2d 1206, 1211 (N.D. Ga. 2007). *See also LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1200 (11th Cir. 2010) ("[a]n act or practice is deceptive or unfair ... if it has the tendency or capacity to deceive.")(quoting *Jeter*, 760 F.2d at 1172).

Here, the whole purpose behind Franklin's collection letter is to mislead or deceive. It is a carefully crafted letter, developed over time, specifically intended to

create the false belief that the payment of the alleged debt is such a critical and important matter that Plaintiff's only option other than payment in full is to obtain counsel[4], ostensibly because "*if you don't pay, you're going to need a lawyer.*" Who, when faced with that realization, would not reasonably conclude that she will be in some sort of legal trouble if she fails to pay? And, Franklin's statement that "it will be pursued to a conclusion!" is misleading in and of itself, as the "conclusion" to which Franklin refers is an obvious one; one which involves Franklin obtaining a judgment against Plaintiff. In reality, if Plaintiff declined to pay the alleged debt, Franklin's only recourse would be to simply fold its tent and go home.

Again, it is undisputed that at no time relevant to this action was it Defendant's policy and procedure to recommend that AT&T pursue legal action on debts of the age and dollar range of the debt alleged here. Franklin has admitted as much. [ECF No. 5-1; p. 9]. Franklin's motion to dismiss makes no attempt to suggest otherwise. In sum, there is simply no other reason for Franklin to warn of the need to obtain counsel, to talk of remedies and defenses, or threaten to doggedly pursue the debt "to a conclusion" other than to mislead or deceive the

---

[4] And consumers, when faced with the option of paying a small debt (e.g., $122.85), or having to obtain counsel (which could cost hundreds more), Franklin knows that many people will simply pay the alleged debt, whether they owe it not. Moreover, if Franklin's "advice" is actually meant as advice at all (which it is not), it is objectively bad advice to tell a consumer that she needs to spend even more money she probably doesn't have on an attorney (for such a small debt).

consumer into believing that failure to pay the debt would result in serious legal trouble, requiring the assistance of an attorney.

Finally, "[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Brown v. Collection Services of Athens, Inc.*, Civil Action No. 5: 14-CV-156 (MTT) (M.D. Ga. Dec. 23, 2014) (citations omitted). *See also Britton v. Weiss*, 1989 WL 148663, at *2, at *6 (deceptiveness of collection notices "should be assessed in terms of the impression likely to be left on the unsophisticated consumer"). Plaintiff's reading of Franklin's collection letter is reasonable when viewed in its entirety. Therefore, Plaintiff's allegations preserve, at the very least, a "quotient of reasonableness" required to satisfy the "least sophisticated consumer" standard. *See Id.* (quoting *Nat'l Financial Services, Inc.*, 98 F. 3d at 136).

### C.     The facts at issue, as framed by Franklin, are not properly before the Court on a Motion to Dismiss in this District.

Here, the parties disagree regarding the inferences to be drawn from the statements made by Franklin in its collection letter to Plaintiff. In this District, such a disagreement, if reasonable, is for the jury to determine, not for the court to determine in a motion to dismiss context. *See Thomas v. LDG Financial Services, Inc.*, 463 F. Supp. 2d 1370, 1374 (N.D. Ga. 2006) (citations and quotations omitted); *Bakewell v. Federal Financial Group, Inc.*, Civil Action No. 1: 04-CV-3538-JOF (N.D. Ga. Mar. 28, 2007) (Addressing section 1692e(5), the Eleventh

Circuit found that where parties reasonably disagree about the interpretation of the language in debt collection letters, the trier of fact must resolve the disagreement rather than the court through summary judgment.); *Meadows v. Franklin Collection Service, Inc.*, 414 Fed. Appx. 230 (11th Cir. 2011) ("Ordinarily, whether conduct harasses, oppresses, or abuses will be a question for the jury.") (quoting *Jeter*, 760 F.2d at 1168). Further, in *Jeter v. Credit Bureau, Inc.*, the Court explained that in order to evaluate an e(5) claim:

> "Thus, the jury has two tasks. First, it must ascertain the meaning of Credit Bureau's letters to determine just what was threatened. As indicated above, a reasonable jury may find that the letters evidence a threat to recommend legal action immediately upon expiration of the five-day period or shortly thereafter. If the jury so finds, it must then decide whether Credit Bureau intended to take such threatened action in this case. In this regard, the jury may consider Credit Bureau's assertion that at the times the letters were sent Credit Bureau intended to recommend legal action. Of course, the jury will have to consider the contrary evidence that legal action was not recommended shortly after the expiration of the five-day periods, and, in fact, was *never* recommended at all."

*Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1176 (11th Cir. 1985).

Conspicuously absent from Franklin's motion is *any* authority, binding or otherwise, from this District or from the Eleventh Circuit in support of its argument. Non-binding decisions from courts in other Circuits which considered

facts inapposite with or in addition to those present in the instant case carry no weigh here.

In cases involving questions of federal law the doctrine of stare decisis also implicates the binding nature of decisions rendered by one federal court over another. The general rule is that a district judge's decision neither binds another district judge nor binds him, although a judge ought to give great weight to his own prior decisions. 18-134 MOORE'S FEDERAL PRACTICE — CIVIL § 134.02 (Matthew Bender & Co., Inc. 2003). A circuit court's decision binds the district courts sitting within its jurisdiction while a decision by the Supreme Court binds all circuit and district courts. *Id*. *McGinley v. Houston*, 361 F. 3d 1328 (11th Cir. 2004). In this District and the Eleventh Circuit, it is well established that the issues here should not be determined through a motion to dismiss.

## CONCLUSION

Plaintiff's complaint states a viable and cogent claim for damages under 15 U.S.C. § 1692e(5) and e(10). The parties have a real and reasonable disagreement regarding the inferences to be drawn from the statements made by Franklin in its collection letter, none of which are properly addressed in the context of a motion to dismiss. For these and the other reasons stated herein, Franklin's motion to dismiss should be denied.

Dated: Atlanta, Georgia
       March 28, 2016

**The Law Offices of Shimshon Wexler, PC**

By: /s Shimshon Wexler
Shimshon Wexler
Attorney for Plaintiff
315 W Ponce de Leon Ave Suite 350
Decatur, GA 30030
Tel: (212) 760-2400
Fax: (917) 512-6132
swexleresq@gmail.com

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D**

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this document has been prepared using 14 Times New Roman point font.

By: /s Shimshon Wexler
Shimshon Wexler

## CERTIFICATE OF SERVICE

I hereby certify that on this 28 day of March, 2016, a true and correct copy of the foregoing **Response to Defendant's Motion to Dismiss** was served by ECF on the following attorney of record:

Michael K. Chapman
Bedard Law Group, P.C.
2810 Peachtree Industrial Blvd.
Suite D
Duluth, GA 30097
mchapman@bedardlawgroup.com

                                       /s Shimshon Wexler
                                          Shimshon Wexler, Esq.