IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOCHABED HULING, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:16-CV-0370-CC-JSA |
| FRANKLIN COLLECTION SERVICE, : | |
| INC., : | |
| : | |
| Defendant. : | |

**O R D E R**

The above-captioned action is before the Court on the parties' Joint Motion to Stay PreTrial Deadlines and Discovery [7] ("Motion to Stay"). The parties request that the Court stay the beginning of the discovery period and all pretrial deadlines until the District Court issues a final ruling on the Defendant's Motions to Dismiss [2][5], which are currently pending before the Court. For good cause shown, the Motion to Stay [7] is **GRANTED**.

The Local Rules of this Court provide that the discovery period commences thirty days after the first defendant appears by filing an Answer. LR 26.2, NDGa. In this case, because Defendant has not filed an Answer, the discovery period has not begun and the request to stay discovery is moot at this time. Nevertheless, in the event that Defendant files an Answer before the District Court issues a final ruling on both

pending Motions to Dismiss [2][5], the start of the discovery period is **STAYED** until **thirty (30) days** after the entry of that final ruling if it is not dispositive of all claims.

In addition, the deadlines for all parties to complete the Rule 26(f) early planning conference, serve the Initial Disclosures, and file the Joint Preliminary Report and Discovery Plan are also **STAYED** until **thirty (30) days** after the District Court enters a final ruling on the pending Motions to Dismiss, if such ruling is not dispositive of all claims. *See* LR 16.1, NDGa (the early planning conference must be held within sixteen days after the appearance of a defendant by answer or motion); LR 16.2, NDGa (the Joint Preliminary Report and Discovery Plan must be filed within thirty days after the appearance of the first defendant by answer or motion); LR 26.1, NDGa (parties must make initial disclosures required by Fed. R. Civ. P. 26(a)(1) within thirty days after the appearance of a defendant by answer or motion).

Finally, a review of the docket in this action reveals that the Plaintiff has failed to file a Certificate of Interested Persons and Corporate Disclosure Statement. Pursuant to Local Rule 3.3, a Certificate of Interested Persons and Corporate Disclosure Statement must be filed by counsel for all private parties at the time of first appearance. LR 3.3, NDGa. Although the Defendant filed its Certificate of Interested Persons and Corporate Disclosure Statement on February 16, 2016, as of this date, the Plaintiff has failed to do so. Accordingly, Plaintiff is **ORDERED** to file a Certificate

of Interested Persons and Corporate Disclosure Statement within **fourteen (14) days** from the date of this Order. Plaintiff is advised that a failure to comply with this Order may result in sanctions, including the dismissal of the case. *See* LR 16.5 and 41.3, NDGa; FED. R. CIV. P. 41(b).

**IT IS SO ORDERED** this 1st day of April, 2016.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE