IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOCHABED HULING, | ) |
| | ) CIVIL ACTION |
| Plaintiff, | ) FILE NO. 1:16-cv-00370-CC-JSA |
| | ) |
| v. | ) |
| | ) |
| FRANKLIN COLLECTION | ) |
| SERVICE, INC., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW, Franklin Collection Service, Inc. (hereinafter "FCSI" and/or "Defendant"), Defendant in the above-captioned litigation, and submits this Reply in support of its motion to dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, stating as follows:

I. **Plaintiff's Contention that FCSI Never Intended to Initiate Litigation Is Both Incorrect and Irrelevant.**

Plaintiff attempts to convince the Court not only that the letter at issue threatens litigation, but also that FCSI had no intention to initiate litigation in the first instance. Both of these assertions are false. To support her position, Plaintiff cites to the following language in *Clark v. Franklin Collection Service, Inc.:* "it

1

may be true that Defendant never intended to initiate litigation against this Plaintiff . . . this intent is irrelevant because the letter makes no express or implied threat of litigation."[1] First, the language quoted by Plaintiff ("it may be true that Defendant never intended to initiate litigation against this Plaintiff") is the language of the New Jersey District Court in reasoning that *even if* FCSI had no intention of suing the consumer in *Clark*, this intent is of no consequence because the language at issue does not, as a matter of law, expressly or impliedly threaten litigation in the first instance.

Second, Plaintiff is simply incorrect in representing to this Court that FCSI had no intention to initiate litigation because it has no practice of regularly initiating collection lawsuits. While FCSI does not believe that it is necessary for the Court to consider whether it had the ability or intent to initiate collection lawsuits in Georgia, and accordingly did not introduce evidence of the same in the present motion to dismiss, FCSI does regularly sue on AT&T accounts in Georgia. In *Pierson v. Franklin Collection Service, Inc.*, the District Court (in another jurisdiction where FCSI sues on AT&T accounts) examined the deposition testimony of FCSI's President whereby he stated: "[FCSI's] filing suit is just about

---

[1] *Clark v. Franklin Collection Service, Inc.*, 2015 U.S. Dist. LEXIS 70944 (D.N.J. June 2, 2015). Defendant reiterates that the *Clark* case dealt with the very same language at issue in the present matter and the District Court ruled that FCSI neither violated §1692e (5) nor § 1692e (10) by using the contested language because there was no express or implied threat of litigation in the first place.

as regular as making phone calls. I mean, that's our intent on every case we get, we're either going to sue it or collect it.  And if we can't collect it, then it's returned to [our] client."[2]  In other words, and as the Court noted, it is FCSI's intent to sue everything placed with it for collection if the debtor does not pay.[3] Accordingly, the exact language was found not to violate the FDCPA.  While FCSI does sue in Georgia, there is no need to consider such evidence on a motion to dismiss, as the language to which the plaintiff complains is neither false, misleading nor threatening as a matter of law in any event.  Plaintiff's citation to the language in *Clark* is incorrect for the position that she is attempting to advance. To the extent the issue of FCSI's intention as to the filing of suit is even relevant, the *Clark* language supports FCSI and not Plaintiff.

## II.     The Facts At Issue Are Properly Before This Court For Determination Pursuant to Fed. R. Civ. P. 12(b)(6).

Defendant acknowledges that when the parties disagree as to the reasonable inferences to be drawn from statements made by defendant to plaintiff, such disagreement, if reasonable, is for the jury and not the Court to decide on a motion to dismiss.[4]  Whether the issue is one for the Court or the jury to decide turns on

---

[2] *Pierson v. Franklin Collection Service, Inc.*, 965 F. Supp. 2d 957 (E.D. TN August 14, 2013).  Defendant restates that the *Pierson* case dealt with the same language at issue in the present matter.  As in *Clark*, the District Court ruled that FCSI violated neither §1692e (5) nor § 1692e (10) of the FDCPA.
[3] *Id.* at **11.
[4] *See, Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 at 1176 (11th Cir. 1985).

whether the disagreement as to the inferences to be drawn from the statement(s) at issue are reasonable.  Here, as in *Clark*, there is no reasonable disagreement as to the inferences to be drawn for a jury to decide.  The *Clark* Court, which decided in FCSI's favor on a Fed. R. Civ. 12(b)(6) motion to dismiss on the very same language at issue in the instant matter, reasoned: "In terms of false representations and deception, 'a debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.' In this case, there are not two meanings. The letter announces the existence of a debt and advises that Plaintiff pay it, call the Defendant, or speak to an attorney."[5]  As in *Clark*, the language at issue cannot reasonably be read to have two or more different meanings, of which, one is inaccurate.  The unilateral pronouncement of a Plaintiff that any specific collection letter language can have multiple reasonable inferences does not alone make the issue a question for a jury.  Otherwise, a debt collector could never rest on the knowledge that collection language is permissible.  A collector would be required to re-litigate, time and time again, before differing juries in differing jurisdictions decide the meaning of the plain English language.  The issues set forth in FCSI's motion to dismiss are proper for determination as a matter of law by this Court, the plain English words being clearly of one meaning as noted by the *Clark* court.

---

[5] *Clark* at *5-*6 (Internal citation omitted).

### III. Plaintiff Avoids Discussion Of The District Courts' Opinions In *Clark* And *Pierson*.

Other than the previously discussed quotation from *Clark*, Plaintiff has avoided any substantive discussion of the District Court of New Jersey's opinion in *Clark v. Franklin Collection Service, Inc.* and the Eastern District of Tennessee's opinion in *Pierson v. Franklin Collection Service, Inc.*[6] While these opinions (rendered by two of this Court's sister district courts ) are not binding authority on this Court, Defendant asserts that these decisions are of considerable persuasive authority as both cases dealt with the very language at issue in this case, the very same claims (§1692e(5) and § 1692e(10) of the FDCPA), and both Courts found in favor of FCSI.  Further, Plaintiff has directed this Court to no contrary authority that would tend to stand for the proposition that the language at issue violates the FDCPA.

In light of the foregoing and Defendant's original briefing, Franklin Collection Services, Inc., respectfully requests this Court to grant its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

---

[6] *Clark v. Franklin Collection Service, Inc.,* 2015 U.S. Dist. LEXIS 70944 (D.N.J. June 2, 2015); *Pierson v. Franklin Collection Service, Inc.*, 965 F. Supp. 2d  957 (E.D. TN August 14, 2013).

This 12th day of April, 2016.	Respectfully submitted,

BEDARD LAW GROUP, P.C.

/s/ Michael K. Chapman
Michael K. Chapman
Georgia Bar No. 322145

*Counsel for Defendant,
Franklin Collection
Service, Inc.*

Bedard Law Group, P.C.
2810 Peachtree Industrial Blvd.
Suite D
Duluth, Georgia 30097
Telephone: (678) 253-1871
E-mail: mchapman@bedardlawgroup.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D**

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this document has been prepared using Times New Roman 14 point font.

This 12th day of April, 2016.	Respectfully submitted,

BEDARD LAW GROUP, P.C.

/s/ Michael K. Chapman
Michael K. Chapman
Georgia Bar No. 322145

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **JOCHABED HULING,** | ) |
| | ) CIVIL ACTION |
| **Plaintiff,** | ) FILE NO. 1:16-cv-00370-CC-JSA |
| | ) |
| v. | ) |
| | ) |
| **FRANKLIN COLLECTION** | ) |
| **SERVICE, INC.,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

### **CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed Defendant's Reply in Support of Motion to Dismiss Plaintiff's First Amended Complaint with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney(s) of record:

Shimshon Wexler
swexleresq@gmail.com

This 12th day of April, 2016.          Respectfully submitted,

                                       BEDARD LAW GROUP, P.C.

                                       /s/ Michael K. Chapman
                                       Michael K. Chapman
                                       Georgia Bar No. 322145

7