IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOCHABED HULING, | : | CIVIL ACTION NO. |
| | : | 1:16-CV-0370-CC-JSA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FRANKLIN COLLECTION SERVICE, INC., | : | |
| | : | **ORDER AND NON-FINAL REPORT** |
| | : | **AND RECOMMENDATION ON A** |
| Defendant. | : | **MOTION TO DISMISS** |

Plaintiff Jochabed Huling originally filed this action in the Magistrate Court of Fulton County on January 7, 2016. On February 8, 2016, Defendant Franklin Collection Service, Inc., removed the action to this Court. *See* Notice of Removal [1]. The action is now before the Court on the Defendant's Motion to Dismiss [5] filed March 14, 2016, and the Plaintiff's Motion for Leave to File Notice of Supplemental Authority [16] ("Motion for Leave"), filed September 8, 2016.

This case relates to a debt collection letter that Defendant sent to Plaintiff for a $122.35 debt. Plaintiff alleges that the letter included language that could be interpreted as a threat of legal action, which Plaintiff alleges Defendant had no intention of pursuing. Thus, Plaintiff alleges that Defendant made a false threat in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* In its Motion to Dismiss [5], Defendant argues that its letter could not be

interpreted as a threat of legal action as a matter of law. For the reasons explained below, the Court finds that the least sophisticated consumers could interpret Defendant's letter as a threat of legal action, which the Complaint alleges was not intended. Accordingly, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss [5] be **DENIED**. Plaintiff's Motion for Leave [16] is **DENIED** as moot.

**I.     BACKGROUND**

Plaintiff initiated this action by filing a Complaint in the Magistrate Court of Fulton County on January 7, 2016. In the Complaint, Plaintiff asserted a claim against Defendant Franklin Collection Service, Inc. ("Franklin") for a violation of the FDCPA. Defendant subsequently removed the action to this Court on February 8, 2016. Thereafter, on March 1, 2016, Plaintiff filed a "First Amended Complaint" [4] that substantially amended his factual allegations to include further support for his claim against Franklin under the FDCPA.

The following facts are taken from the Plaintiff's First Amended Complaint ("FAC"), and are assumed to be true for the purpose of resolving Defendant's Motion to Dismiss. Plaintiff owed, or allegedly owed, a personal or household debt in the amount of $122.35 to AT&T. FAC at ¶ 4. Defendant Franklin is a "debt collector" within the meaning of the FDCPA, and Defendant regularly uses the mails and telephone in a business the principal purpose of which is the collection of debts. *Id.*

2

at ¶ 6. On or about January 8, 2015, Defendant sent Plaintiff a debt collection letter seeking to collect on the AT&T debt. *Id.* at ¶ 8, Ex. A. The letter stated, in bold, "IF YOU ARE NOT PAYING THIS ACCOUNT IN FULL, CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES, AND YOUR DEFENSES, OR CALL (888) 215-8961." *Id.* at ¶ 9, Ex. A. The letter further stated, in language shortly thereafter, that the collection matter "WILL BE PURSUED TO A CONCLUSION!" *Id.* at ¶ 11, Ex. A. Plaintiff interpreted these statements as constituting a threat of legal action. *Id.* ¶ 10.

Defendant regularly collects debts of this sort for AT&T but "at no time relevant this action was it Defendant's policy and procedure to recommend that AT&T pursue legal action on debts of the age and dollar range of the debt here. Consistent with that belief, Plaintiff has been unable [to] locate any such instance where AT&T, acting on Defendant's recommendation, has sued any Georgia consumer for such a small amount." *Id.* at *¶* 13.

**II.    DISCUSSION**

    A.    *Standard on a Motion to Dismiss*

Defendant argues in its Motion to Dismiss that Plaintiff's claim must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief. When evaluating a motion to dismiss under Rule 12(b)(6), the

3

Court cannot consider matters outside of the pleadings, and must accept the allegations of the non-movant's pleadings as true, but "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Moreover, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

*Iqbal* went on to instruct that, while a court must accept all factual allegations in a complaint as true, it need not accept as true legal conclusions recited in a complaint. Repeating that "only a complaint that states a plausible claim for relief survives a motion to dismiss" the Supreme Court advised that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (*quoting* FED. R. CIV. P. 8(a)(2)) (other citations omitted).

B.     *Plaintiff's FDCPA Claim*

Plaintiff's claim against Defendant Franklin in this case is brought under the FDCPA. Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692e; *see also Frazier v. Absolute Collection Serv., Inc.*, 767 F.Supp.2d 1354, 1363 (N.D.Ga. 2011) ("The FDCPA seeks to remedy abusive, deceptive, and unfair debt collection practices by debt collectors against consumers."). Specifically, the FDCPA "prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and the making of any false, misleading, or deceptive statements in connection with a debt, and it requires that collectors make certain disclosures." *Acosta v. Campbell*, 309 Fed. App'x 315, 319 (11th Cir. 2009) (*citing* 15 U.S.C. §§ 1692d, 1692e, 1692f); *see also LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010).

"To prevail on a FDCPA claim, a plaintiff must establish that: (1) [he or she] has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a debt collector under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *Frazier*, 767 F.Supp.2d at 1363 (internal quotation marks and citations omitted).

In this case, it is undisputed that Defendant was acting as a debt collector, and that it was engaging in debt collection activities regulated by the FDCPA when it sent Plaintiff the January 8, 2015 letter. The FDCPA provides that a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Among other conduct that is specifically prohibited under this section, a debt collector cannot communicate any "threat to take any action that cannot legally be taken or that is not intended to be taken." *Id*. at § 1692e(5).

The sole issue raised by Defendant's motion is whether, as a matter of law, the January 8, 2015 letter could be interpreted as a threat of legal action. If so, the Motion to Dismiss must be denied, because the Court must take as true Plaintiff's allegation that Defendant had no intention of recommending or pursuing legal action in this case. In assessing how the January 8, 2015 letter could be interpreted, any factfinder must approach the question from the viewpoint of the "least sophisticated consumer." *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985). If reasonable factfinders could disagree as to how the least sophisticated consumer could interpret this language, the Court cannot resolve the issue as a matter of law. *Id*. at 1176.

As the Seventh Circuit has explained, "for a collection notice . . . to threaten legal action, it must . . . communicate that a lawsuit is not merely a possibility, but that

6

a decision to pursue legal action is either imminent or has already been made." *Combs v. Direct Marketing Credit Services, Inc.*, 1998 U.S. App. LEXIS 32670, *2 (7th Cir. Dec. 29, 1998). However, a communication does not necessarily need to expressly threaten legal action to violate the statute. The question, rather, is whether the least sophisticated consumer could reasonably interpret a communication as an express or even implied threat of legal action. *See Canlas v. Eskanos & Adler*, 2005 WL 1630014, *3 (N.D. Cal. July 6, 2005).

Defendant cites *Clark v. Franklin Collection Service, Inc.*, 2015 U.S. Dist. LEXIS 70944 (D. N.J. 2015), in which another district court found that a portion of the same language used by Defendant here was not a threat of litigation. In that case, as here, Defendant sent a letter stating "IF YOU ARE NOT PAYING THIS ACCOUNT IN FULL, CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES, AND YOUR DEFENSES, OR CALL (888) 215-8961." The *Clark* court found this language not to constitute a threat of litigation, but rather "merely inform[ed] the debtor that there is an outstanding debt and that the debtor should explore its options with the debt collector or a lawyer." *Id.* at *6. Similarly, in *Combs*, the Seventh Circuit found that a letter advising a debtor "TO CONSULT WITH YOUR ATTORNEY REGARDING YOUR LIABILITY" was not itself an

7

express or implied threat of legal action but rather simply provided advice. *See Combs*, 1998 U.S. App. LEXIS 32670, *2.

The language used in the January 8, 2015 letter at issue in this case, however, goes beyond the mere "advice" to consult with a lawyer discussed in *Combs* and *Clark*. Defendant's letter in this case follows up its "advice" that Plaintiff consult an attorney about "OUR POTENTIAL REMEDIES, AND YOUR DEFENSES," with the warning that the debt "WILL BE PURSUED TO A CONCLUSION!" FAC at ¶ 11, Ex. A.[1] This language, of course, does not expressly clarify what specific steps may be taken to "pursue" the matter "to a conclusion." But it does constitute a clear threat beyond anything discussed in *Clark* or *Combs* that additional action will be taken to collect the debt.

The other cases cited by Defendant are also distinguishable. Defendant cites *Pierson v. Franklin Collection Service, Inc.*, 965 F.Supp.2d 957 (E.D. Tenn. 2013), which involves a letter that appears identical in material respects to the one at issue here, including as to the "IT WILL BE PURSUED TO A CONCLUSION" language. The Court in *Pierson*, however, did not consider whether this language was sufficient to at least state a plausible FDCPA claim, because this opinion concerned a motion for

---

[1] *Clark* does not state that this additional language was present in the letter at issue in that case.

summary judgment. Notably, *Pierson* did not even rule on whether this language could be interpreted as a threat of legal action but rather simply assumed that it could. *Id.* at 965. The dismissal in *Pierson* was instead based on affirmative evidence that the Defendant submitted in support of its summary judgment motion–that the Court deemed to be undisputed–showing that Defendant in fact intended to undertake legal action to collect the debt. This argument is unavailable to Defendant at this juncture of the case. The Court is permitted to consider only the factual allegations in the First Amended Complaint, which in this case include that "at no time relevant this action was it Defendant's policy and procedure to recommend that AT&T pursue legal action on debts of the age and dollar range of the debt here," and that there have been no prior instances where "AT&T, acting on Defendant's recommendation, has sued any Georgia consumer for such a small amount." FAC at ¶ 13.

Defendant also cites *Philip v. Sardo & Batista, P.C.*, 2011 U.S. Dist. LEXIS 130267, 5-6 (D.N.J. Nov 10, 2011). The issue in that case was whether a debt collection letter that included the subject header "Re: Montville Oral Surgery Associates v. Jennifer Philip" falsely implied the existence of a pending lawsuit. *Id.* Because other language in the letter made clear that no lawsuit was actually pending yet–but rather would be filed in the future if the debt remained unpaid–the Court found that the letter as a whole did not falsely imply the existence of a pending

9

lawsuit. *Id.* It was not alleged in *Philip*–as it is alleged here–that the threat to sue at a future time was falsely made.[2]

Neither of the parties has directed the Court to binding authority–or any other authority from courts within this Circuit–specifically addressing language similar to that in Defendant's January 15, 2015 letter. The Court finds *Canlas* to be the most instructive here. In that case, an attorney debt collector sent a communication stating that "DESPITE OUR REQUEST THAT YOU VOLUNTARILY PAY THE BALANCE OF THIS CLAIM SO THAT FURTHER ACTION BY OUR OFFICE CAN BE AVOIDED, YOU HAVE FAILED TO DO SO." *See Canlas v. Eskanos &*

---

[2] Another case relied upon by Defendant is plainly distinguishable in this regard. In *Nichols v. Frederick J. Hanna & Associates, PC*, 760 F.Supp.2d 275, 280 (N.D.NY 2011), a court dismissed a complaint based on an alleged false threat of litigation, where a collection lawyer's letter stated, "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due." The reference to the mere possibility that the creditor "may consider additional remedies"–as modified by the caveat that no attorney has reviewed the file and therefore necessarily has made no decision and offered no opinion on the viability of litigation–was nothing more than a threat of possible litigation, far less ominous than the "PURSUED TO A CONCLUSION" language used here. More importantly, the Complaint in *Nichols* also lacked factual allegations showing such a threat to be disingenuous. The only allegation was that Defendant's firm lacked attorneys licensed in the debtor's state. But, as the court pointed out, local counsel could easily be retained to handle such a matter. *Id.* Thus, the reference to the possibility of litigation was not alleged to be false, and the Court dismissed the Complaint on that basis. As explained at length above, Defendant here does not argue the insufficiency of the allegations that it would not have pursued litigation over this small amount.

*Adler*, 2005 WL 1630014, *2 (N.D. Cal. July 6, 2005) (emphasis added). Like here, this letter did not expressly threaten any lawsuit, and otherwise did not clarify what "further action by our office" really meant. But the District Court in *Canlas* found that, when combined with the sender's repeated references to itself as the "collection attorneys," the least sophisticated consumer could interpret the ominous reference to "FURTHER ACTION" as a threat of legal action. *See also Palmer v. Stassinov*, 348 F.Supp.2d 1070, 1085 (N.D. Cal. 2004) (complaint sufficiently alleged a threat of legal action, based on letter stating that debtor's inaction "may necessitate . . . using other remedies to collect [the] dishonored check.").

Had the January 15 letter simply advised the debtor to contact his or her own lawyer or call the debt collector, there may not be an issue here. But the letter's follow-up warning that the debt "WILL BE PURSUED TO A CONCLUSION!" is at least as ominous as the reference to "FURTHER ACTION" in *Canlas* or "other remedies" in *Palmer*. This threat sounds very much like–and could be interpreted as–a warning that Defendant will not stop until the debt is collected. Since this language came directly after warning the debtor to consult a lawyer about "OUR POTENTIAL REMEDIES AND YOUR DEFENSES," a highly reasonable inference is that Defendant would use any and all remedies as necessary to pursue the matter to conclusion. It would not take much sophistication to understand that the "potential

11

remedies" alluded to by this law firm would include legal action. *See Palmer*, 348 F.Supp.2d at 1085 ("By deliberately leaving the next step vague, it would be reasonable for the least sophisticated consumer to assume that failure to comply following receipt of the letter [that threatened the use of 'other remedies to collect'] would result in the initiation of litigation."). Thus, this letter could have been interpreted by the least sophisticated consumer as an implicit threat of litigation.

As noted above, the Complaint alleges that any threat of litigation was falsely made, and Defendant does not argue that such allegations are deficient. Thus, it follows that the Motion to Dismiss must be denied.

### III.   CONCLUSION AND RECOMMENDATION

For the reasons discussed above, **IT IS RECOMMENDED** that the Defendant's Motion to Dismiss [5] be **DENIED**. Plaintiff's Motion for Leave [16] is **DENIED as moot**.

**IT IS SO ORDERED and RECOMMENDED** this 13th day of September, 2016.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE